IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| EDDIE BERNARD FIELDS, #203 347, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. 2:15-CV-342-MHT |
| | ) | [WO] |
| COVINGTON COUNTY DISTRICT | ) | |
| ATTORNEY'S OFFICE, | ) | |
| | ) | |
| Defendant. | ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

Plaintiff, an inmate incarcerated at the Alex City Work Release Center in Alex City, Alabama, files this 42 U.S.C. § 1983 complaint alleging that his constitutional rights were violated in 2011 during his criminal court proceedings in the Circuit Court for Covington County, Alabama. The Covington County District Attorney's Office is the named defendant.  Plaintiff requests dismissal of the offenses under which he is incarcerated and damages for pain and suffering. *Doc. No. 1.*

Under 28 U.S.C. § 1915A, this court is required to screen complaints filed by prisoners against a governmental entity or officers or employees of governmental entities and to dismiss the complaint or any portion of the complaint it finds frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant immune from such relief.  While the former 28 U.S.C. § 1915(d) permitted the court to dismiss claims *sua sponte* if the court found them frivolous or malicious, §

1915A directs the court, in effect, to make and rule on its own motion to dismiss the complaint prior to service of process.[1]

The court has carefully reviewed the allegations in Plaintiff's complaint.   From that review, the court concludes that dismissal of the complaint prior to service of process is appropriate under 28 U.S.C. § 1915(A).

## I. DISCUSSION

On March 11, 2011, the Circuit Court for Covington County convicted Plaintiff, pursuant to his guilty pleas, of unlawful possession of a controlled sentence (as a lesser included offense of trafficking in cocaine) and unlawful possession of marijuana in the first degree. The trial court sentenced Plaintiff to twenty years' imprisonment on each conviction under the Alabama Habitual Felony Offender Act to run concurrently with each other. Pursuant to his application for probation, the trial court granted Plaintiff a five year split sentence on each conviction to run concurrently. *See Doc. No. 1, Exh. B.* In filing this action, Plaintiff challenges the legality and validity of his criminal proceedings, including the sufficiency of the evidence used to convict him and the provisions under which he was sentenced.  *Doc. No. 1, Attachments and Exhs. A-F.*

A.  *Statute of Limitations*

Plaintiff's attempt to assert a challenge to the legality of matters associated with his criminal trial proceedings which occurred on or before March 11, 2011, is filed

---

[1] The screening procedures which have been established for prisoner civil actions by § 1915A apply whether the plaintiff has paid the entire filing fee or is proceeding *in forma pauperis*.  *Martin v. Scott*, 156 F.3d 578, 579-80 (5th Cir. 1998). In this case, Plaintiff paid the full civil filing fee of $350.00. Notwithstanding the full payment of the filing fee, however, this court must dismiss the case if it finds that the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1) & (2).

outside the statute of limitations applicable to a federal civil action filed by an inmate under 42 U.S.C. § 1983.

> All constitutional claims brought under § 1983 are tort actions, subject to the statute of limitations governing personal injury actions in the state where the § 1983 action has been brought.  *Wilson v. Garcia*, 471 U.S. 261, 275-76, 105 S. Ct. 1938, 1946-47, 85 L. Ed. 2d 254 (1985).  [Plaintiff's] claim was brought in Alabama where the governing limitations period is two years.  Ala. Code § 6-2-38; *Jones v. Preuit & Mauldin*, 876 F.2d 1480, 1483 (11th Cir. 1989) (*en banc*).  Therefore, in order to have his claim heard, [Plaintiff is] required to bring it within two years from the date the limitations period began to run.

*McNair v. Allen*, 515 F.3d 1168, 1173 (11th Cir. 2008).

The matters about which Plaintiff complains occurred on or before March 11, 2011.  By its express terms, the tolling provision of *Ala. Code* § 6-2-8(a) provides no basis for relief to Plaintiff from application of the time bar.[2]  Thus, the statute of limitations began to run on the claims arising from the challenged convictions and sentences on March 11, 2011.  The limitation period ran uninterrupted until it expired on March 11, 2013. Plaintiff filed the instant complaint on May 17, 2015.[3]  This filing occurred over two years after expiration of the limitation period.

Unquestionably, the statute of limitations is usually a matter which may be raised as an affirmative defense.  The court notes, however, that in an action proceeding under

---

[2] This section allows tolling of the limitations period for an individual who "is, at the time the right accrues[,] . . . insane." *Ala. Code* § 6-2-8(a).  The complaint demonstrates that Plaintiff was not legally insane at the time of the challenged events so as to warrant tolling under *Ala. Code* § 6-2-8(a).

[3] Although the Clerk stamped the present complaint "filed" on May 21, 2015, Plaintiff signed his complaint on May 17, 2015. The law is well settled that a *pro se* inmate's complaint is deemed filed the date it is delivered to prison officials for mailing.  *Houston v. Lack*, 487 U.S. 266, 271-72 (1988); *Adams v. United States*, 173 F.3d 1339, 1340-41 (11th Cir. 1999); *Garvey v. Vaughn*, 993 F.2d 776, 780 (11th Cir. 1993).  In light of the foregoing and for purposes of the proceedings herein, the court considers May 17, 2015, as the date of filing.

section 1983, it may consider, *sua sponte*, affirmative defenses apparent from the face of the complaint. *Clark v. Ga. Pardons and Parole Bd.*, 915 F.2d 636, 640 n.2 (11th Cir. 1990); *see also Ali v. Higgs*, 892 F.2d 438 (5th Cir. 1990). "[I]f the district court sees that an affirmative defense would defeat the action, a section 1915[A] dismissal is allowed." *Clark*, 915 F.2d at 640. "The expiration of the statute of limitations is an affirmative defense the existence of which warrants dismissal as frivolous. *See Franklin [v. State of Oregon]*, 563 F. Supp. [1310,] 1330, 1332 [(D. Or. 1983)]." *Id.* at n.2.

In analyzing § 1983 cases, "the court is authorized to test the proceeding for frivolousness or maliciousness even before service of process or before the filing of the answer." *Ali*, 892 F.2d at 440. "It necessarily follows that in the absence of the defendant or defendants, the district court must evaluate the merit of the claim *sua sponte*." *Id.*

> An early determination of the merits of an IFP proceeding provides a significant benefit to courts (because it will allow them to use their scarce resources effectively and efficiently), to state officials (because it will free them from the burdens of frivolous and harassing litigation), and to prisoners (because courts will have the time, energy and inclination to give meritorious claims the attention they need and deserve). "We must take advantage of every tool in our judicial workshop." Spears [v. McCotter], 766 F.2d [179, 182 (5th Cir. 1985)].

*Green v. McKaskle*, 788 F.2d 1116, 1120 (5th Cir. 1986).

Based on the facts apparent from the face of the present complaint, Plaintiff has no legal basis on which to proceed regarding the validity of his 2011 convictions and sentences as he filed this cause of action over two years after the challenged actions occurred. As previously noted, the statutory tolling provision is unavailing.

4

Consequently, the two-year period of limitations applicable to Plaintiff's claims expired over two years prior to him filing the instant complaint, and these claims are, therefore, subject to dismissal as frivolous under 28 U.S.C. § 1915(A)(b)(1).  *See Clark*, 915 F.2d 636.

## B.  The Named Defendant

Even if Plaintiff could demonstrate that his claims against the Covington County District Attorney's Office are not barred by the applicable statute of limitations, his complaint against this defendant would be subject to dismissal under 28 U.S.C. § 1915(A).   The Covington County District Attorney's Office is not a legal entity subject to suit or liability under § 1983. *See Dean v. Barber*, 951 F.2d 1210, 1214 (11th Cir. 1992). Moreover, the Eleventh Amendment bars suit directly against a state or its agencies, regardless of relief sought. *Papasan v. Allain*, 478 U.S. 265 (1986); *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89 (1984). District Attorney's offices are deemed to be agencies of the State of Alabama. *See Hooks v. Hitt*, 539 So. 2d 157, 159 (Ala. 1988) (holding that the district attorneys and their employees are "state employees whose salaries are funded by the state") (citing Ala. Code § 12–7–182 (1975)); *McMillan v. Monroe Cnty., Ala.*, 520 U.S. 781, 790 (1997) (citing *Hooks* and noting that an Alabama district attorney is a state official).  Accordingly, Defendant Covington County District Attorney's Office is subject to dismissal under 28 U.S.C. § 1915(A)(b)(1) & (2).

## C. The Challenge to Plaintiff's Convictions

Regarding Plaintiff's attempt to challenge his state court convictions and the sentences  imposed because of those judgments through filing a civil rights lawsuit under

42 U.S.C. § 1983, he may not do so because such is not an appropriate remedy.  Where a prisoner is challenging the very fact or duration of his physical imprisonment and the relief sought is a determination he is entitled to immediate release or a speedier release from that imprisonment, the inmate's federal remedy is by way of a writ of habeas corpus. *See Preiser v. Rodriquez*, 411 U.S. 475, 500 (1973) (habeas corpus is the exclusive remedy for prisoners attacking the validity of their conviction or confinement).  Further, § 1983 may not be used to challenge the fact of a plaintiff's state court criminal conviction and/or sentence. Rather, the proper vehicle for mounting such a challenge would be filing a petition under 28 U.S.C. § 2254.

In filing this action, Plaintiff seeks as relief dismissal of his convictions and his release from custody.  The core of his claims concern matters related to the validity and the legality of his current confinement.  When the effect of granting equitable relief under the civil rights statute would be to substitute a § 1983 action for a federal writ of habeas corpus challenging the basis for ongoing detention or for a petition under § 2254 to attack a state court conviction and/or sentence, a prisoner fails to state a claim under § 1983. *See Eutzy v. Tesar*, 880 F.2d 1010, 1011 (8th Cir. 1989); *Preiser*, 411 U.S. at 500.   A plaintiff, therefore, cannot seek declaratory or injunctive relief relating to his confinement and/or conviction in a § 1983 action.[4]  *See Edwards v. Balisok*, 520 U.S. 641, 648 (1997);

---

[4] Compensatory and punitive damages are available in a 42 U.S.C. § 1983 action but not by way of a writ of habeas corpus.  To recover damages for an allegedly unconstitutional confinement in a civil rights action, a plaintiff must prove that his conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal, or called into question by a federal court's issuance of a writ of habeas corpus.  *Heck*, 512 U.S. 486-87.

*Heck v. Humphrey*, 512 U.S. 477, 483-89 (1994); *Preiser*, 411 U.S. at 500; *St. Germaine v. Isenhower*, 98 F. Supp. 2d 1366, 1373 (S.D. Fla. 2000).

The instant collateral attack on the convictions and sentences in question is prohibited as habeas corpus is the exclusive remedy for a state prisoner who challenges the validity of the fact or duration of his confinement. *Balisok*, 520 U.S. at 645; *Heck*, 512 U.S. at 481; *Preiser*, 411 U.S. at 488-490. Such attack is, therefore, subject to summary dismissal by this court under 28 U.S.C. § 1915(A)(b)(1).

## II. CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that:

1. Plaintiff's claims against the named defendant challenging events which occurred on or before March 11, 2011 be DISMISSED with prejudice under the directives of 28 U.S.C. § 1915(A)(b)(1) as Plaintiff failed to file the complaint regarding these allegations within the time prescribed by the applicable period of limitation;

2. The § 1983 claims presented against Defendant Covington County District Attorney's Office, to the extent they are not barred by the statute of limitations, be DISMISSED with prejudice under 28 U.S.C. § 1915(A)(b)(1) & (2);

3. Plaintiff's challenge to the validity of his March 11, 2011, convictions and sentences entered against him by the Circuit Court for Covington County, Alabama, be DISMISSED without prejudice under 28 U.S.C. § 1915(A)(b)(1) as such claims are not properly before the court at this time; and

4. This case be DISMISSED prior to service of process under 28 U.S.C. § 1915(A)(b)(1) & (2).

It is further

ORDERED that the parties are DIRECTED to file any objections to the said Recommendation on or before **September 18, 2015**.   Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which the party is objecting.  Frivolous, conclusive, or general objections will not be considered by the District Court.  The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar the party from a *de novo* determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice.  *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); s*ee Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982); s*ee also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (*en banc*) (adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981).

Done this 4th day of September, 2015.

/s/ Wallace Capel, Jr.
WALLACE CAPEL, JR.
UNITED STATES MAGISTRATE JUDGE